858 So.2d 181 (2003)
Jimmy BRISTER, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01556-COA.
Court of Appeals of Mississippi.
October 28, 2003.
*182 Jimmy Brister, Jr., Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. Jimmy Brister, pro se, appeals an order of the Circuit Court of Walthall County, Mississippi denying his motion for post-conviction relief. Aggrieved, Brister perfected this appeal raising the following issue:
DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AND THE REQUESTED RELIEF THEREIN CONTAINED?

STATEMENT OF FACTS
¶ 2. On July 26, 1999, Jimmy Brister pled guilty to the charges of armed robbery, Count I and conspiracy to commit armed robbery, Count II. On the first count, Brister was sentenced to a twenty year term with seven and one-half years suspended and five years of probation. On the second count, Brister was sentenced to a ten year term with five years of probation. The sentences from both counts were to run concurrently with the Circuit Court of Walthall County retaining jurisdiction for one year. Brister was also required to obtain his general equivalency diploma and to pay restitution and court costs. On August 16, 2002, Brister filed a motion for post-conviction relief requesting a reduction in his sentence. The trial court denied Brister's motion without conducting an evidentiary hearing, ruling that the court no longer had the authority to change the sentence. Finding no error, we affirm.

LEGAL ANALYSIS
DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AND THE REQUESTED RELIEF THEREIN CONTAINED?
¶ 3. Brister argues that the trial court erred in failing to conduct an evidentiary hearing and in failing to grant his motion for a reduction in sentence. Brister claims the trial court continues to have jurisdiction over him and its denial of his motion was against the overwhelming weight of evidence.
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). The issue of whether a trial judge erred in denying a motion for post-conviction relief without an evidentiary hearing is a question of fact. With this in mind, we now turn to a discussion of the law.
¶ 5. The right to an evidentiary hearing is not guaranteed. The trial judge has discretion in allowing an evidentiary hearing and "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its *183 dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 6. When Brister pled guilty, the trial court retained jurisdiction on the sentence for one year. Brister filed his motion for post-conviction relief in that same court more than three years later. There was no need to conduct an evidentiary hearing because the trial court no longer had the authority to change the sentence. This fact was apparent from the date stamp affixed to the face of Brister's motion. Therefore, the trial court's denial of an evidentiary hearing was proper.
¶ 7. Brister also argues that the trial judge's denial of his motion was against the overwhelming weight of evidence. Brister argues that the trial court should have reduced his sentence because he received his general equivalency diploma; he has incurred no rule violations; he is enrolled in vocational school; and he is employed as a unit support barber. The State argues that Brister's motion for post-conviction relief is not procedurally viable because the trial court no longer has jurisdiction over the sentence. Moreover, the State argues that Brister's motion for post-conviction relief is time barred. We agree.
¶ 8. As stated above, the trial court retained jurisdiction on the sentence for only one year and no longer has the authority to change the sentence unless it was illegal. Brister does not challenge the legality of his plea or his sentence. In addition, The Mississippi Uniform Post-Conviction Collateral Relief Act requires that a motion for relief be made within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2000). There are certain exceptions to this limitation none of which Brister has raised. Brister pled guilty and was convicted on July 26, 1999. Brister did not file his motion requesting a reduction in sentence until August 16, 2002. The time limit for filing such a motion had expired. Therefore, the trial court's denial of Brister's motion for post-conviction relief was proper.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY DENYING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.