879 So.2d 512 (2004)
Charles ALEXANDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01992-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*513 Charles Alexander (pro se).
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Charles Alexander, pro se, appeals from the Circuit Court of Yazoo County's dismissal of his motion for post-conviction collateral relief as being time barred. In his appellate brief, Alexander does not specifically indicate an issue that he raises on appeal. However, his argument focuses on whether his claim was time barred and whether he is serving an illegal sentence. Our opinion will address these issues. Finding no error by the trial court, we affirm the dismissal of Alexander's motion for post-conviction relief as time barred.

STATEMENT OF FACTS
¶ 2. Charles Alexander was arrested and charged with seven counts of forgery by a bill of information. On November 4, 1998, Alexander entered his guilty plea to seven counts of forgery. The trial court sentenced him to serve ten years with the sentence suspended if Alexander successfully completed a drug treatment program. On October 15, 2002, Alexander filed a motion for post-conviction collateral relief with the Circuit Court of Yazoo County, pursuant to Mississippi Code Annotated Section 99-39-1 (Rev.2000). In his motion, Alexander argued that he should be granted relief because he was serving an illegal sentence. Alexander claimed that because he was previously convicted of a felony in Warren County, the Yazoo County Circuit Court could not order him to serve a suspended sentence pursuant to Mississippi Code Annotated Section 47-7-33 (Rev.2000).
¶ 3. The trial court dismissed his motion for post-conviction relief as time barred and also ruled that Alexander did not suffer any prejudice or undue burden due to the sentence. Alexander appealed the dismissal of his motion to the supreme court. The supreme court issued an order on April 30, 2003, stating that Alexander's motion was a timely notice of appeal and should proceed as such. Alexander filed a second motion for post-conviction relief with the circuit court on August 13, 2003. We now review the trial court's dismissal of Alexander's motion for post-conviction relief.

STANDARD OF REVIEW
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brister v. State, 858 So.2d 181, 182(¶ 4) (Miss.Ct.App.2003) (citing Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App. 2002)).

LEGAL ANALYSIS
¶ 5. Alexander does not provide this court with any specific issues to consider; *514 however, since he is appealing pro se we will entertain the argument that he makes in his brief. Alexander's argument focuses on two issues: (1) did the trial court err by dismissing his motion as time barred and (2) is he serving an illegal sentence? We will consider the issues in that order.

I. DID THE TRIAL COURT ERR BY DISMISSING HIS MOTION AS TIME BARRED?
¶ 6. According to the applicable statute, Alexander had three years in which to file his motion for post-conviction relief following his guilty plea to forgery. Miss.Code Ann. § 99-39-5(2) (Rev.2000). The record indicates that Alexander pled guilty to seven counts of forgery on November 4, 1998. Therefore, in order to meet the time requirement set by statute, Alexander had to file his motion by November 4, 2001. Because Alexander waited until October 15, 2002, to file his motion for relief, the trial court properly dismissed his motion as time barred.
¶ 7. Alexander argues in his brief that our supreme court issued an order stating that his motion for post-conviction relief was timely filed. The order states the following: "Alexander seeks to appeal the trial court's dismissal of his petition for post-conviction relief. After due consideration, the panel finds that this motion is in the form of a timely notice of appeal and should proceed as such." Our review of the order reveals that the supreme court was not stating that Alexander's motion for relief was timely, but that his appeal from the trial court's order of dismissal was timely filed. The supreme court never ruled on the timeliness of Alexander's motion for relief. As such, this Court finds that Alexander's motion for post-conviction relief filed on October 15, 2002, was time barred.

II. IS ALEXANDER SERVING AN ILLEGAL SENTENCE?
¶ 8. Alexander argues that he should be allowed to revoke his guilty plea because his ten-year suspended sentence is illegal. Alexander's claim is procedurally barred; however, we will briefly address the merits of his claim. Alexander asserts that his sentence is illegal because the trial court did not have the authority to order him to serve a suspended sentence. Mississippi Code Annotated Section 47-7-33(1) (Rev.2000) states the following in pertinent part:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.
Alexander argues that a prior conviction in Warren County, Mississippi, disqualifies him for a suspended sentence.
¶ 9. The right to be free from an illegal sentence is a fundamental right and this Court has held that "errors which affect fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their considerations." Moss v. State, 752 So.2d 427, 430 *515 (¶ 13) (Miss.Ct.App.1999) (quoting Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). A similar argument to Alexander's was addressed by this Court in McGleachie v. State, 800 So.2d 561 (Miss.Ct.App.2001). In McGleachie, the appellant asserted that according to § 47-7-33, he should not have been sentenced to parole because of a prior felony conviction. Id. at 562 (¶ 3). McGleachie, like Alexander, benefitted from the leniency of the trial court and then argued that the error was a violation of his fundamental rights. Id. at 563 (¶ 4).
¶ 10. In McGleachie we held:
If the error in sentencing McGleachie for the June 26, 1987 conviction is, in fact, an error at all, it is a harmless error rather than a fundamental one. It is also an error, we might add, that benefitted McGleachie. The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence. Therefore, the motion for post-conviction relief is time barred.
McGleachie, 800 So.2d at 563(¶ 4). We hold that Alexander benefitted from the leniency of the trial court's ordering him to serve a ten-year suspended sentence. As the State correctly indicates, at the time of Alexander's crime, the maximum penalty for forgery was fifteen years. See Miss. Code Ann. § 97-21-33 (Rev.2000). Because Alexander was not subjected to an undue burden or prejudice but to a significantly lesser sentence, the error by the trial court was harmless. Alexander's motion for post-conviction relief is time barred.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.