962 So.2d 571 (2006)
Victor D. JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00196-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied October 17, 2006.
*572 Victor D. Jones, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Victor DeWayne Jones appeals the judgment of the Circuit Court of Pike County dismissing his motion for post-conviction relief. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Jones pled guilty in the Circuit Court of Pike County to two counts of sexual battery. On June 29, 2004, the court sentenced him to two terms of twenty years to be served in the custody of the Mississippi Department of Corrections, with the sentences to run consecutively. On December 29, 2004, Jones filed his motion for post-conviction relief, alleging that (1) the indictment against him was faulty because it was founded upon hearsay evidence, (2) he received ineffective assistance of counsel, (3) his guilty plea was not voluntary, and (4) he was prejudiced because counsel was not appointed prior to his indictment. The trial court found that Jones, during his plea hearing, had stated in response to the court's questions that his plea was voluntary and that the assistance of his counsel had been effective. The court also found that the use of hearsay evidence was lawful during grand jury proceedings, and Jones did not suffer untoward consequences because he did not have counsel prior to his indictment. Based on these findings, the court denied Jones's motion without an evidentiary hearing. Jones timely appealed.
¶ 3. On appeal, Jones argues the same issues he argued at the trial court level, and further argues that the trial court erred by failing to grant an evidentiary hearing. We note that Jones failed to designate as part of the trial court record the transcript of his plea qualification hearing. Thus, we are left only with Jones's motion, the trial court order, and the briefs of the parties for review. We find that the trial court order dismissing Jones's complaint is devoid of clear error, and therefore we affirm.

*573 STANDARD OF REVIEW
¶ 4. We will reverse a trial court's denial of post-conviction relief only upon a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). When reviewing issues of law, the standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss. 1999).

ISSUES AND ANALYSIS
¶ 5. Jones has not provided this Court with evidence to substantiate his claims on appeal. While he claims that his plea was involuntary, he has not provided this Court with a transcript of his plea hearing. To support his claim that he was coerced into pleading guilty by false promises and/or threats from his attorney, Jones attaches a purported "affidavit" from his mother stating that he had been coerced into entering a guilty plea. The document is not witnessed and therefore carries no more weight than the allegations of Jones's brief. "It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved." Nelson v. State, 919 So.2d 124, 126(¶ 6) (Miss.Ct.App.2005) (quoting Hansen v. State, 592 So.2d 114, 127 (Miss.1991)). "This Court `must decide each case by the facts shown in the record, not assertions in the brief.'" Id. at (¶ 7) (quoting Burney v. State, 515 So.2d 1154, 1160 (Miss.1987)). Because Jones has not designated the plea colloquy as part of the record, we have no basis on which to evaluate his claims. In the absence of the record, the order of the trial court judge is entitled to a presumption of correctness. Id. (quoting Branch v. State, 347 So.2d 957 (Miss.1977)).
¶ 6. Jones argues that his attorney deceived him into believing that he would receive a lighter sentence if he pled guilty, and that his attorney instructed him to lie to the court by stating that he had not been promised anything in return for his guilty plea. The purported affidavit Jones submits makes the same contentions. The order of the trial court states that Jones was questioned by the court during his plea hearing as to whether his plea was voluntary and whether he received effective assistance of counsel. Jones answered that his plea was voluntary and that he was not coerced into entering the plea. He also stated that he was satisfied with the assistance of his attorney. This being the case, we accept the order of the trial court, and find that Jones's plea was voluntary and that he received effective assistance of counsel. The trial court correctly denied his motion as to these two issues.
¶ 7. Jones also argues that his indictment was improperly obtained through the use of hearsay evidence, and that he was prejudiced by the fact that counsel was not appointed to him until after the indictment had been handed down against him. We find that, as with the other issues on appeal, Jones has failed to provide a factual record on which we could evaluate these issues. Furthermore, we find that, even assuming for the sake of argument he was able to prove these two issues, these are not grounds on which Jones could be provided relief. Jones's criticism of his indictment is effectively waived by his entrance of a guilty plea. Smith v. State, 806 So.2d 1148, 1150(¶ 4) (Miss.Ct.App.2002). Also, we note that it is perfectly permissible for the prosecution to utilize hearsay testimony in obtaining an indictment during grand jury proceedings. Alexander v. State, 875 So.2d 261, 266(¶ 16) (Miss.Ct.App.2004). As to Jones's claim that he was prejudiced by a *574 lack of pre-indictment counsel, we find that the trial court correctly ruled that "denial of the entitlement to timely appointed counsel `will result in reversal of a subsequent conviction only where it is shown that the accused experienced some untoward consequence flowing directly from denial of counsel.'" (quoting Johnson v. State, 631 So.2d 185, 188 (Miss.1994)). In this case, Jones has not alleged that he suffered any untoward consequences because he did not have pre-indictment counsel, aside from the fact that he was indicted. He claims only that, if counsel had been available, counsel could have objected to the hearsay testimony introduced during the grand jury proceedings, and could have filed a motion to dismiss. As already stated, the introduction of hearsay testimony during grand jury proceedings is lawful, and, as the trial court observed, "Mr. Jones's counsel could still file a motion to dismiss after the indictment was entered." We therefore find that these issues raised by Jones do not provide a valid basis for relief.
¶ 8. Finally, we note that the trial court did not err in failing to grant an evidentiary hearing. Jones brought no evidence to the trial court's attention, aside from his own unsupported assertions. See Turner v. State, 590 So.2d 871, 874 (Miss. 1991) (holding that evidentiary hearing may be denied when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). The one purported affidavit he offered in his motion was not witnessed and therefore was entitled to no more weight than Jones's own assertions.
¶ 9. Accordingly, we affirm the order of the trial court denying Jones's motion for post-conviction relief.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.