KING, C.J.,
 

 for the Court.
 

 ¶ 1. Leslie J. Cortez appeals the judgment of the Rankin County Circuit Court which dismissed his motion for post-conviction relief pursuant to Mississippi Code
 
 *446
 
 Annotated section 99-39-11(2) (Rev.2007). Aggrieved, Cortez raises these issues on appeal: (1) whether the trial court abused its discretion by failing to grant a jury instruction on the lesser-included offense of trespassing; (2) whether the trial court’s response to a question from the jury during deliberation was an improper comment on the evidence; and (3) whether Cortez was denied a fair trial by the unprofessional actions of his trial counsel.
 

 FACTS
 

 ¶ 2. Cortez was indicted in January 2001 by a Rankin County grand jury for burglary of a dwelling house pursuant to Mississippi Code Annotated section 97-17-23 (Rev.2006). Cortez was tried and convicted on July 16, 2002. On July 19, 2002, Cortez was sentenced as a habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections. As a habitual offender, Cortez is ineligible for parole or probation pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007).
 

 ¶ 3. Cortez filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict on July 23, 2002, which was denied. Aggrieved, Cortez filed an appeal, but the judgment of the trial court was affirmed by this Court on December 2, 2003, in
 
 Cortez v. State,
 
 876 So.2d 1026, 1032(¶ 30) (Miss.Ct.App.2003). Thereafter Cortez filed a motion for rehearing, which was denied by this Court.
 

 ¶ 4. On January 29, 2004, Cortez filed a petition for writ of certiorari, which was denied on July 6, 2004, by the Mississippi Supreme Court. On January 31, 2008, Cortez filed a motion to vacate his judgment of conviction and sentence. The trial court construed this motion as a motion for post-conviction relief and dismissed the motion on February 21, 2008, pursuant to Mississippi Code Annotated section 99-39-11(2). Section 99-39-11(2) provides that: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal!).]” Feeling aggrieved by the judgment of the trial court dismissing his motion for post-conviction relief, Cortez now appeals.
 

 ANALYSIS
 

 ¶ 5. Cortez makes three arguments as to the trial court’s dismissal of his motion for post-conviction relief. However, because Cortez failed to seek permission from the supreme court to seek post-conviction relief, this Court lacks jurisdiction to decide Cortez’s appeal.
 

 ¶ 6. Where a criminal defendant’s case is affirmed on direct appeal, Mississippi Code Annotated section 99-39-7 (Rev.2007), mandates that he obtain permission from the Mississippi Supreme Court to seek post-conviction relief from the trial court. “This procedure is not merely advisory, but jurisdictional.”
 
 Doss v. State,
 
 757 So.2d 1016, 1017(¶6) (Miss.Ct.App.2000). In this case, Cortez failed to obtain the required permission from the supreme court to seek relief; therefore, the trial court lacked jurisdiction to entertain Cortez’s motion for post-conviction relief and properly dismissed the motion for the lack of jurisdiction. If the circuit court did not have jurisdiction to address the defendant’s motion for post-conviction relief, the appellate court is also without jurisdiction.
 
 Wheeler v. State,
 
 903 So.2d 756, 758(¶ 6) (Miss.Ct.App.2005). Because the Rankin County Circuit Court did not have jurisdiction to hear Cortez’s motion for post-conviction relief, we too are without jurisdiction to hear this appeal.
 

 ¶ 7. Therefore, we dismiss this appeal for lack of jurisdiction.
 

 
 *447
 
 ¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.