ISHEE, J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On April 9, 1999, Holley Jones pleaded guilty to armed robbery. The Circuit Court of Washington County sentenced Jones to ten years in the custody of the Mississippi Department of Corrections (MDOC). Jones’s sentence was suspended, and he was placed on five years of probation under the provisions of the Regimented Inmate Discipline program (RID).
 

 ¶ 2. On April 5, 2001, an amended sentencing order was entered. The amended order was entered simultaneously with another order removing Jones from the RID program. The amended order further placed Jones on supervised probation for five years or until the trial court altered, terminated, or directed the execution of the sentence.
 

 ¶ 3. On February 16,
 
 2006,
 
 Jones was charged with the felony of selling cocaine. Subsequently, on April 3, 2006, he was revoked from probation for failure to report, failure to pay court assessments, and committing the felony of selling cocaine. Thereafter, he filed a pro se motion for post-conviction relief (PCR) which was denied by the trial court. He now appeals and asserts: (1) the trial court erred in denying his PCR motion; and (2) his sentence was illegal. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. When reviewing a trial court’s denial of a petition filed pursuant to the Mississippi Uniform Post-Conviction Relief Act, Mississippi Code Annotated section 99-39-1 to -29 (Rev.2007), “[tjhis Court will not disturb the trial court’s decision to deny post-conviction relief unless the trial court’s decision proves to be clearly erroneous. The Court, however, reviews ques
 
 *397
 
 tions of law de novo.”
 
 Johnson v. State,
 
 962 So.2d 87, 88-89 (¶ 8) (Miss.Ct.App. 2007) (internal citation omitted).
 

 DISCUSSION
 

 ¶ 5. Jones argues that the trial court erred in dismissing his PCR motion because his probation was revoked after its expiration and that his present sentence imposed by the trial court is illegal.
 

 ¶ 6. “The right to be free from an illegal sentence is a fundamental right....”
 
 Alexander v. State,
 
 879 So.2d 512, 514 (¶ 9) (Miss.Ct.App.2004). Jones’s basis for claiming that he is serving an illegal sentence is his contention that he had completed his five-year probation when it was alleged he failed to meet his probation requirements. The record reflects that Jones was placed on five-year probation on April 5, 2001; hence, his probation would have expired on April 5, 2006. The date of Jones’s charge for the sale of cocaine was February 16, 2006. Therefore, he was within his five-year probation at the time in question, and this issue is without merit.
 

 ¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.