GRIFFIS, P.J.,
for the Court:
¶ 1. Victor D. Jones filed a motion for post-conviction relief (PCR), which was dismissed by the Pike County Circuit Court as time-barred and successive-writ barred. The court found also that it did not have jurisdiction to consider the claims.
¶ 2. On appeal, Jones argues the trial court erred in (1) dismissing the PCR motion when he alleged that his sentence was illegal; (2) dismissing the PCR motion because he failed to object during the plea hearing that he had not been properly examined by a psychiatrist as to his mental health, thereby denying him a fair plea hearing; (3) finding the PCR motion was successive and time-barred; and (4) finding it lacked jurisdiction. We find no error and affirm the judgment of the circuit court.
FACTS
¶ 3. Jones pled guilty on June 28 and 29, 2004, to two counts of sexual battery. He was sentenced to serve twenty years on each count. The court determined the sentences would be served consecutively, for a total sentence of forty years in the custody of the Mississippi Department of Corrections (MDOC). Jones filed a notice of appeal. The appeal was dismissed for failure to pay the costs of appeal, and the mandate was issued.
¶ 4. Jones filed a PCR motion on December 29, 2004. It was denied on January 20, 2005. This Court affirmed that judgment in Jones v. State, 962 So.2d 571, 574 (¶ 10) (Miss.Ct.App.2006).
¶ 5. On April 11, 2011, Jones filed the PCR motion that began this proceeding. On August 1, 2011, the Pike County Circuit Court dismissed Jones’s motion, finding: “[T]he motion is procedurally barred as a successive writ, and is time-barred.” The circuit court also found it did not have jurisdiction “without leave of the [Mississippi] Supreme Court.”
STANDARD OF REVIEW
¶ 6. In reviewing a trial court’s dismissal of a PCR motion, we will reverse only upon finding that the court’s decision was clearly erroneous. Sanders v. Miss. Dep’t of Corn., 912 So.2d 189, 190 (¶ 5) (Miss.Ct.App.2005). Questions of law are reviewed de novo. Id.
DISCUSSION
¶ 7. Mississippi Code Annotated section 99-39-5(2) (Supp.2011) requires that a PCR motion be filed within three years after the entry of a judgment of conviction. This statute also lists three exceptions to the time bar, none of which is applicable to this case. The Mississippi Supreme Court has also held that errors affecting fundamental constitutional rights may be excepted from the time-bar. See Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999) (citation omitted).
¶ 8. Jones argues that his motion should have survived the three-year time-bar because he is serving an illegal sentence. “The right to be free from an illegal sentence is a fundamental right.” Brown v. State, 923 So.2d 258, 259 (¶ 4) (Miss.Ct.App.2006) (quoting Alexander v. State, 879 So.2d 512, 514 (¶ 9) (Miss.Ct.App.2004)). A sentence is illegal if it exceeds the statutory maximum. Id. (citing House v. State, 754 So.2d 1147, 1150 (¶ 8) (Miss.1999)).
119. Jones does not state how his sentence was illegal. Mississippi Code An *352 notated section 97-3-101 (Rev.2006) provides that the penalty for sexual battery shall be “not more than thirty (30) years” and that the court shall have discretion to determine the sentence. Jones was not sentenced to the maximum sentence, and the sentence imposed was within the statutory guidelines.
¶ 10. Under Rule 9.06 of the Uniform Rules of Circuit and County Court, a trial court is required to conduct a mental examination of a defendant if there is a “reasonable ground to believe that the defendant is incompetent to stand trial.” The supreme court has held that “[t]he determination of what is ‘reasonable’ rests largely within the discretion of the trial judge because the judge sees the evidence firsthand and observes the demeanor and behavior of the defendant.” Cox v. State, 793 So.2d 591, 597 (¶ 23) (Miss.2001) (quoting Conner v. State, 632 So.2d 1239, 1248 (Miss.1993), overruled on other grounds by Weatherspoon v. State, 732 So.2d 158 (Miss.1999)). The issue of Jones’s mental health was not raised in his previous PCR motion. “There is no authority where alleged mental incompetence was held to have tolled the statute of limitations under the [Uniform Post-Conviction Collateral Relief] Act.” House, 754 So.2d at 1150 (¶ 9). In its previous opinion, this Court found that Jones’s guilty plea was voluntarily made. Jones, 962 So.2d at 573 (¶ 6).
¶ 11. Mississippi Code Annotated section 99-39-23(6) (Supp.2011) provides that a prior judgment is a “bar to a second or successive motion under this article.” The same exceptions as those to the time-bar also apply. None of the exceptions apply in this case. As previously noted, this Court affirmed the circuit court’s judgment in our decision on his previous PCR motion in Jones, 962 So.2d at 572 (¶ 1).
¶ 12. Where a criminal defendant’s appeal is dismissed on direct appeal, Mississippi Code Annotated section 99-39-7 (Supp.2011) requires that the appellant obtain permission from the Mississippi Supreme Court to seek post-conviction relief from the trial court. See Cortez v. State, 9 So.3d 445, 446 (¶ 6) (Miss.Ct.App.2009). “This procedure is not merely advisory, but jurisdictional.” Id. (quoting Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000)). In this case, Jones failed to seek or obtain the required permission from the Mississippi Supreme Court to seek relief; therefore, the court correctly found that it lacked jurisdiction.
¶ 13. The circuit court’s judgment is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.