# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00844-COA

FREDERICK EMANUEL SCURLOCK A/K/A FREDERICK SCURLOCK A/K/A FRED SCURLOCK A/K/A FREDERICK E. SCURLOCK         **APPELLANT**

v.

STATE OF MISSISSIPPI         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2013 |
| TRIAL JUDGE: | HON. JAMES MCCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FREDERICK EMANUEL SCURLOCK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 09/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND ROBERTS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. This appeal arises from the Panola County Circuit Court's denial of Frederick Emanuel Scurlock's motion for post-conviction relief (PCR). On appeal, Scurlock argues that (1) the State failed to introduce testimony from the witness who certified the documents used to prove his prior convictions; (2) the circuit court erroneously imposed a habitual-offender enhancement, and (3) the State failed to provide evidence of the alleged victim's

age.

¶2.     Because we agree with the circuit court's judgment denying Scurlock's PCR motion, we affirm.

FACTS

¶3.     On March 1, 2000, Scurlock pleaded guilty to statutory rape and was sentenced, as a habitual offender, to eight years in the custody of the Mississippi Department of Corrections and twenty-two years of post-release supervision. During his plea hearing, Scurlock stated that he understood that he was giving up his right to appeal his conviction. When asked if he willfully and unlawfully had sex with a child less than fourteen years of age, Scurlock answered in the affirmative. Scurlock also admitted that he was over twenty-one years of age at the time of the offense, and that his mistaking the age of the victim was no defense. The circuit court, finding that Scurlock's plea was freely and voluntarily made, accepted the plea and deferred sentencing until March 31, 2000.

¶4.     On January 22, 2013, Scurlock filed his PCR motion, arguing that (1) the State failed to introduce testimony from the witness who certified the documents used to prove prior convictions; (2) the circuit court erroneously imposed a habitual-offender enhancement to his sentence, and (3) the State failed to provide evidence of the alleged victim's age. The circuit court denied the motion on the grounds that it was time-barred by the applicable statute of limitations and had no merit.

DISCUSSION

¶5.     "We review a circuit court's denial of a PCR motion under a clearly-erroneous

2

standard of review." *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013) (citation omitted). "We review questions of law de novo." *Foster v. Durr*, 123 So. 3d 940, 941 (¶5) (Miss. Ct. App. 2013) (citation omitted).

¶6. The failure to file a PCR motion within three years after the entry of the judgment of conviction procedurally bars a defendant from filing a PCR motion. Miss. Code Ann. § 99-39-5(2) (Supp. 2013). *See also Blount v. State*, 126 So. 3d 927, 931 (¶12) (Miss. Ct. App. 2013). If the movant can demonstrate the existence of evidence that was not available at trial, an intervening higher-court decision, or being detained on an expired sentence, then the movant may be exempt from the time-bar. *Id.* at (¶13). *See also* Miss. Code Ann. § 99-39-5 (2)(a)-(b) (Supp. 2013).

¶7. The circuit court found that Scurlock's PCR motion was time-barred, as he had been convicted in 2000 but did not file his PCR motion until 2013. Scurlock claims that *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011),[1] is an intervening decision from the United States Supreme Court, requiring the State to produce the person who certified the documents used to prove his prior convictions. However, Scurlock's argument fails, as he has not shown that under *Bullcoming*, self-authenticated records, of a defendant's prior convictions, are testimonial evidence that trigger a defendant's constitutional right to confront witnesses. Consequently, *Bullcoming* is not an intervening decision that allows Scurlock to

---

[1] *Bullcoming* explains that an analyst's certified forensic-evidence report is testimonial in nature, as it was created for the State's use as evidence against the defendant, and is "within the compass of the Confrontation Clause." *Bullcoming*, 131 S. Ct. at 2714.

escape the time-bar.

¶8.     The Mississippi Supreme Court has held that a document is testimonial when it is created for the sole purpose of the State's use as evidence against the defendant. *Grim v. State*, 102 So. 3d 1073, 1078 (¶12) (Miss. 2012). Self-authenticated records of a defendant's prior convictions are not testimonial evidence, and do not trigger a defendant's constitutional right to confront witnesses. *Frazier v. State*, 907 So. 2d 985, 996 (¶36) (Miss. Ct. App. 2005). Here, the circuit court held that the documents were not created for the purpose of trial, but were "preexisting documents and not like documents of forensic analysis conducted after the commission of the alleged crime." We agree. Further, Scurlock has failed to prove that he meets the requirements of any other procedural-bar exemption. Accordingly, he was time-barred from filing his PCR motion.

¶9.     Procedural bar notwithstanding, by pleading guilty, Scurlock waived the issues that he presents in this appeal. "[A] knowing and voluntary guilty plea waives certain constitutional rights, among them[,] the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). A defendant's valid guilty plea also waives all nonjurisdictional defects or insufficiencies in the indictment. *Id*. at 159 (¶7). The circuit court accepted Scurlock's guilty plea as knowing and voluntary, and after our review of the record, we agree. Therefore, the issues presented in this appeal are without merit. The circuit court did not err in denying Scurlock's PCR motion.

¶10.    **THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**