# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01789-COA

**VICTOR D. JONES A/K/A VICTOR DEWAYNE JONES A/K/A VICTOR JONES**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**


DATE OF JUDGMENT:                    10/02/2013
TRIAL JUDGE:                         HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:           PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              VICTOR D. JONES (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:             MOTION FOR POST-CONVICTION RELIEF
                                     SUMMARILY DISMISSED
DISPOSITION:                         AFFIRMED - 04/07/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.

### ROBERTS, J., FOR THE COURT:

¶1.     We are presented, once again, with reviewing the Pike County Circuit Court's summary dismissal of Victor D. Jones's motion for post-conviction relief (PCR), which attacked his 2004 guilty pleas to two counts of sexual battery. We affirm and find that the circuit court properly summarily dismissed Jones's PCR motion, as it was time-barred and successive-writ barred.

### FACTS AND PROCEDURAL HISTORY

¶2.     As this is Jones's third PCR motion, the underlying facts have been detailed in our

prior opinions and the Mississippi Supreme Court's opinion.[1] *See Jones v. State*, 119 So. 3d 323 (Miss. 2013) (*Jones II-MSSC)*; *Jones v. State*, 119 So. 3d 350 (Miss. Ct. App. 2013) (reversed in part) (*Jones II-COA*); and *Jones v. State*, 962 So. 2d 571 (Miss. Ct. App. 2006) (*Jones I*). According to Jones's PCR motion, he pled guilty to two counts of sexual battery, with a plea recommendation of twenty years, ten years to serve and the remainder on probation and/or post-release supervision. The late Judge Mike Smith did not accept the State's recommendation and sentenced Jones to twenty years, on each count, to be served in the custody of the Mississippi Department of Corrections.[2] His sentences were ordered to run consecutively.

¶3. Jones filed his first PCR motion on December 29, 2004, alleging that his indictment was faulty, he received ineffective assistance of counsel, his guilty pleas were not voluntary, and he was prejudiced by not having appointed counsel prior to his indictment; but the circuit court summarily dismissed his PCR motion. *Jones I*, 962 So. 2d at 572 (¶2). On appeal, this Court affirmed the circuit court's summary dismissal. *Id.* at (¶3). We further found that "Jones's plea[s were] voluntary and that he received effective assistance of counsel." *Id.* at 573 (¶6). The mandate issued.

¶4. Jones's next PCR motion was filed on April 11, 2011, and the circuit court again summarily dismissed the PCR motion, finding it was "procedurally barred as a successive

---

[1] The United States District Court for the Southern District of Mississippi has also reviewed Jones's claims. *Jones v. State*, No. 3:06-CV-438-HTW-LRA, 2008 WL 294505 (S.D. Miss. Jan. 8, 2008).

[2] We note that Jones's guilty-plea-colloquy transcript is not part of the record before us. Additionally, it has not been a part of the record on his prior PCR motions.

writ, and is time-barred." *Jones II-COA*, 119 So. 3d at 351 (¶5). On appeal of that summary dismissal, Jones argued that the circuit court erred in finding that his PCR motion was time-barred and successive-writ barred because he had alleged his sentence was illegal, and because he should have had a mental-health evaluation before he was permitted to enter his guilty pleas. *Id.* at (¶2). He further disputed the circuit court's finding that it lacked jurisdiction on the case because Jones had not sought permission from the supreme court to file his PCR motion. *Id.* This Court again affirmed the circuit court's summary dismissal of Jones's PCR motion. *Id.* at 352 (¶13). This Court held in *Jones II-COA* that the circuit court properly applied the procedural bars because Jones's sentence was within the parameters of a legal sentence for the crime of sexual battery, and that Jones failed to explain how his sentence was otherwise illegal. *Id.* at 351-52 (¶9). We also found that Jones's argument that he should have been given a mental evaluation prior to entering his guilty pleas was not raised in his prior PCR motion and the claim of mental incompetence is not excepted from the procedural bars. *Id.* at 352 (¶10). Further, we recognized in our prior opinion that "Jones's guilty plea was voluntarily made." *Id.* This Court also affirmed the circuit court's finding that it lacked jurisdiction because Jones failed to seek permission to file his PCR motion from the supreme court as required by statute. *Id.* at (¶12).

¶5. Jones requested certiorari review of this Court's decision, and the supreme court granted it. In *Jones II-MSSC*, 119 So. 3d at 326 (¶9), the supreme court reversed on the issue of whether Jones had to seek its permission before filing his PCR motion. Otherwise, it affirmed "the judgments of the trial court and the Court of Appeals that the PCR motion is

time-barred and also . . . that the motion is barred based on res judicata." *Id.*

¶6. Then, on August 30, 2013, Jones filed the PCR motion at the center of this case. He again argues that he received ineffective assistance of counsel, that his plea was involuntary, that his due-process rights were violated by not receiving a competency hearing, that he was incompetent when he was coerced into pleading guilty, that he did not get to inspect the State's discovery materials, and that his plea agreement was not honored by the circuit court. The circuit court summarily dismissed Jones's PCR motion, finding that the PCR motion was procedurally barred as a successive writ, and was time-barred. It noted: "The motion is substantively identical to three previously filed motions which have all been denied."

¶7. Jones filed his notice of appeal, and on appeal, Jones raises the following issues:

I.    Whether the trial court erred in denying . . . [Jones's PCR motion] as being time[-]barred pursuant to [Mississippi Code Annotated section] 99-39-5(2) [(Supp. 2014)] when . . . [Jones] alleged that [his] court[-]appointed counsel was ineffective[.]

II.   Whether the trial court erred when it denied . . . [Jones's PCR motion] because he failed to object during the plea hearing pursuant to . . . [Mississippi Code Annotated section 99-31-21 (Rev. 2007)] that he had not been properly examined by a [psychiatrist] as to his mental history and did deny him a fair plea hearing[.]

III.  Whether the trial court erred in denying [Jones's PCR motion] as being successive under . . . [Mississippi Code Annotated section] 99-39-23(6) [(Supp. 2014).]

IV.   Whether the trial court erred in denying [Jones's PCR motion] pursuant to . . . [Mississippi Code Annotated section] 99-39-7 [(Supp. 2014),] because the trial court state[d] that [it does not have] jurisdiction to hear [Jones's] claims[.]

**STANDARD OF REVIEW**

4

¶8.　　This Court employs the clearly-erroneous standard of review when reviewing a circuit court's summary dismissal of a PCR motion. *Johnson v. State*, 31 So. 3d 647, 648 (¶5) (Miss. Ct. App. 2010) (citing *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009)). When questions of law are raised, a de novo standard of review is applied. *Id.* Mississippi Code Annotated section 99-39-11(2) (Supp. 2014) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."

**ANALYSIS**

**I.　　Procedural Bars and Res Judicata**

¶9.　　Mississippi Code Annotated section 99-39-5(2), part of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), provides the time-bar for PCR motions:

> (2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
>
>> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
>>
>> (ii) That, even if the petitioner pled guilty or nolo contendere, or

confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Additionally, the UPCCRA provides a bar for successive PCR motions:

The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. . . . A dismissal or denial of a motion relating to mental illness under [s]ection 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.

Miss. Code Ann. § 99-39-23(6). Although the Mississippi Supreme Court has applied res

judicata to PCR cases involving fundamental constitutional rights, including its specific

6

application of res judicata in *Jones II-MSSC*, it now appears that *Smith v. State*, 149 So. 3d 1027, 1032 (¶13) (Miss. 2014), stands for the proposition that res judicata is a procedural bar that can be overcome by claiming a fundamental constitutional-right violation.

¶10.    Jones's appeal centers around one issue: his competency to enter his guilty pleas.  He first argues that his attorney was ineffective for not filing a motion to order a mental evaluation of Jones.  He also argues that he was coerced into signing his plea agreement because he was incompetent to understand the consequences.  As is apparent from our recitation of the facts, this is not Jones's first PCR motion for our review, and this is not the first time issues of his competency, ineffective assistance of counsel, or the voluntariness of his guilty pleas have been raised in his PCR motions.  And this PCR motion was filed more than three years after his guilty pleas, so typically, such claims as Jones now makes would be barred by the time-bar and successive-writ bar.

¶11.    However, as the supreme court held in *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010), "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."  It is elemental that when a defendant tenders a free, voluntary, and intelligent guilty plea, he waives numerous fundamental constitutional rights: the right to a trial by jury,[3] the right to confront accusing witnesses,[4] the right to compulsory

---

[3] *See Scurlock v. State*, 147 So. 3d 894, 896 (¶9) (Miss. Ct. App. 2014) (citing *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011)).

[4] *See id*.

process,[5] the right to a speedy trial,[6] the right against unlawful search and seizure,[7] the right against self-incrimination,[8] and the right to be convicted by proof beyond a reasonable doubt.[9] And most courts agree the right to not be placed in double jeopardy is also waived by a voluntary guilty plea.[10] And, although the Mississippi Supreme Court has applied res judicata to PCR cases involving fundamental constitutional rights, including its specific application of res judicata in *Jones II-MSSC*, it now appears that *Smith*, 149 So. 3d at 1032 (¶13), may have modified that principle.

¶12. While Jones argues that his guilty pleas were involuntary and his attorney was ineffective, the supreme court has held that these claims are not excepted from the time-bar; therefore, even though these claims involve fundamental constitutional rights, the procedural bars are applicable. *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000). Previously, in *Jones II-MSSC*, the supreme court determined Jones's fundamental constitutional claims to competency and to effective representation by counsel when he pled were time-barred and barred by res judicata. We detect no logical reason to deviate from that same determination

---

[5] *See id*.

[6] *See Hardin v. State*, 966 So. 2d 844, 847 (¶11) (Miss. Ct. App. 2007) (citing *Rowe v. State*, 735 So. 2d 399, 400 (¶3) (Miss. 1999)).

[7] *See Burns v. State*, 984 So. 2d 1024, 1025 (¶¶7-8) (Miss. Ct. App. 2008).

[8] *See Scurlock*, 147 So. 3d at 896 (¶9).

[9] *See id*.

[10] *See United States v. Herzog*, 644 F.2d 713, 716 (8th Cir. 1981); *Brown v. Maryland*, 618 F.2d 1057, 1059 (4th Cir. 1980). *See also* Augustine V. Cheng, *Appellate Review of Double Jeopardy Claims in the Guilty Plea Context*, 56 Fordham L. Rev. 983, n.3-4 (1988) http://ir.lawnet.fordham.edu/flr/vol56/iss5/5

on his present, and third, PCR motion.

## II.    Mental Competency

¶13.    Jones's claims of ineffective assistance and the voluntariness of his guilty pleas are subject to the procedural bars, but in *Smith*, 149 So. 3d at 1031 (¶8), the supreme court found that claims of mental competency were not subject to the procedural bars or res judicata. The supreme court specifically addressed Jones's claim of mental competency in *Jones II-MSSC*, 119 So. 3d at 326 (¶¶7-8), and found:

> Jones argues that he was "legally incompetent" to plead guilty, and he should have been evaluated by a mental-health specialist prior to entering his plea. The issue of Jones's mental health was not raised prior to submitting his guilty plea, nor was it raised in Jones's first PCR motion. *Jones v. State*, 962 So. 2d 571, 573 (Miss. Ct. App. 2006). However, in its order denying the first petition for post-conviction relief, the trial court explained that it "personally observed the defendant's demeanor, appearance and manner in answering the court's questions and it appeared to the court that the defendant was competent to understand and did understand the circumstances surrounding his guilty plea." The trial court further found that the guilty plea was knowingly, willingly, freely, voluntarily, and intelligently made and accepted the plea and found the defendant guilty. . . .
>
> In support of his second PCR filing, Jones submitted some of his medical records, but none appears responsive to his mental competency, in general, or at the time of his plea. Therefore, notwithstanding the time[-]bar, the trial court correctly found that Jones's second PCR motion should be dismissed.

Additionally, Jones's attorney, in responding to a bar complaint Jones filed against him, stated: "[I]t is entirely up to the judge whether or not a mental examination is conducted. I would agree that I never filed a [m]otion requesting such an examination. I am bound by [Mississippi Rule of Civil Procedure 11(a),] . . . which prevents me from filing frivolous motions." He continued:

9

> Jones was personally observed by myself and [the] Honorable Mike Smith. He [(Jones)] answered all questions posed by the [circuit c]ourt and completed his "Know Your Rights Form[.]" . . . I am not a "motion attorney" and will not file meritless pleadings, even if it results in meritless complaints being lodged against me.

Thus, it is apparent that Jones gave neither the circuit court nor his attorney any reason to question Jones's competency at his guilty-plea hearing.

¶14.    *Smith* is distinguishable from the present case. In *Smith*, the circuit court, prior to the guilty plea, entered an agreed order for Donald Keith Smith to receive a mental examination at the Mississippi State Hospital at Smith's expense. *Smith*, 149 So. 3d at 1029-30 (¶2). The record was unclear as to why the circuit court entered the order. *Id.* at 1034 (¶18). The mental examination was never done, and Smith later pled guilty. *Id*. at 1029-30 (¶2). Here, we have the polar opposite: a finding by the circuit court that Jones appeared to be, and was, totally competent when he appeared before the circuit court to plead guilty. As was explained above, Jones's attorney stated that he did not file a pretrial competency motion because to do so would constitute a meritless and frivolous filing.

¶15.    We employ the same reasoning in our affirmance of the circuit court's summary dismissal of Jones's current PCR motion. While Jones did submit numerous medical records with his PCR motion, none relate to his competency around or at the time of his guilty pleas. As the supreme court did in *Jones II-MSSC*, we find this issue to be without merit.

### III.    Jurisdiction

¶16.    Jones argues that the circuit court erred in finding that it lacked jurisdiction to hear his PCR motion. The circuit court's order states: "[T]his court finds that it has jurisdiction

to hear the subject motion[.]" Jones's claim is based on his mistaken interpretation of the circuit court's decision. Because there is no basis for his claim, it has no merit.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**