IRVING, J.,
for the court.
¶ 1. Troy Michael Jones filed this appeal following the dismissal of his petition for post-conviction relief by the Circuit Court of Union County. Jones presents two issues: (1) whether he was denied effective assistance of counsel and (2) whether the trial court erred in finding that his plea was voluntarily entered.
FACTS
¶ 2. Jones was charged with the armed robbery of a B Quik convenience store in New Albany, Mississippi. Two other individuals, Robert Antron Carr and Marcus Young, were also charged with participating in the robbery. Carr and Young pleaded guilty to armed robbery and were sentenced to five years each in the custody of the Mississippi Department of Corrections.
¶ 3. Jones went to trial on September 8, 1999, and was the only witness to testify on his behalf. The jury was unable to reach a unanimous verdict, and a mistrial was declared. Five days later, Jones signed, under oath and penalty of perjury for any false statement, a “Petition to Enter Plea of Guilty” in which he offered a plea of “no contest” to simple robbery. The court accepted his plea, found him *500 guilty, and sentenced him to serve eight years, with three years suspended, in the custody of the Mississippi Department of Corrections.[1] Approximately sixteen months later, Jones, feeling that his plea was ill-advised, filed a motion for post-conviction relief with the Circuit Court of Union County. The court, after an eviden-tiary hearing, dismissed the motion. This appeal followed.
¶ 4. Additional facts are developed during the discussion of the issues.
DISCUSSION AND ANALYSIS OF THE ISSUES
¶ 5. Jones alleges that his trial counsel was ineffective and that Jones’s plea was involuntary. All the allegations, except one, regarding the ineffectiveness of counsel concern actions or omissions allegedly committed by counsel prior to or during Jones’s trial which ended in a mistrial. That trial had nothing to do with the no contest plea that Jones entered which led ultimately to the conviction giving rise to this appeal. The one exception is the allegation that Jones’s trial counsel led Jones to believe that Jones would get probation if Jones entered a plea of guilty. Therefore, we address only this issue which also is essentially Jones’s second issue in which he claims that his plea was not voluntary because he was misled regarding the sentence he could expect to receive.
¶ 6. In his PCR petition filed in the trial court, Jones alleged that his no contest plea was “predicated upon a[p]lea [a]greement, signed under duress, ineffective assistance of counsel and due process violation.” Jones also alleged that rights guaranteed to him by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution had been violated. He did not elaborate further.
¶ 7. Paragraph 8 of the plea agreement, which Jones contends he signed under duress, states: “I have not been beaten, threatened, mentally or physically forced, intimidated or coerced in any manner to plead no contest to the crime charged against me. I offer my plea of no contest freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment.”
¶ 8. Paragraph 10(b) of the petition states:
It is my understanding that the district attorney will recommend to the Court that I receive a sentence ... [of] five years. I understand that there are no side agreements or other promises. I ■understand that this agreement is not binding on the Court and that if my no contest plea is accepted by the Court, the Court may impose the same sentence as if I had pleaded no [sic] and had been found guilty by a jury.
¶ 9. Paragraph 13 of the petition states: “I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me.”
¶ 10. During the plea qualification hearing, Jones was sworn and answered a series of questions asked of him by the court. He admitted his identity and affirmed that the signature on the “Petition to Enter Plea of Guilty” was his signature. He answered in the negative when asked if anyone had made any promises or offers of reward to him to induce him to plead guilty. He also answered in the negative when asked if anyone had threatened, forced, coerced or done anything to him to *501 make him plead guilty. Further, when he was asked if he was offering the plea of guilty knowingly and of his own free voluntary will and accord, he answered in the affirmative.
¶ 11. During the hearing of the PCR petition, Jones and his great aunt were the only witnesses to testify. Both of them testified essentially that Jones entered the plea reluctantly because each of them felt he had no other choice. Jones testified that he signed the petition to enter guilty plea but insisted that the decision to plead no contest was made under duress. The trial court was not persuaded and neither are we.
¶ 12. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032 (¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
¶ 13. We have reviewed the entire transcript of the PCR hearing. The conduct of Jones’s trial attorney which Jones says placed him under duress was far from what would be considered acts of duress. In fact, it can only be described as exceptionally good lawyering. Jones’s trial counsel gave him an honest assessment of Jones’s chances of prevailing in a retrial and the consequences that would flow from a guilty verdict. While Jones professed his innocence and asserted that he was not satisfied with the services rendered by his trial attorney during the trial that ended in a mistrial, his testimony, as well as his aunt’s, makes clear that the real reason Jones took the plea deal is that they feared he would be convicted of armed robbery in the retrial and sentenced to life in prison. We are convinced that the fear that this circumstance would come to fruition had little to do with the attorney’s performance and much to do with the strength of the State’s case against Jones.
¶ 14. In Jones’s appellate brief, his appellate counsel, who is not the same as his trial counsel, asserts that Jones’s trial counsel “led Jones and his mother to believe that Jones would receive probation if he pled guilty” and that “but for the promise of probation,” Jones would not have pleaded guilty. We first note that this allegation was not made in Jones’s PCR petition nor in the hearing on the petition, and because it is being raised for the first time on appeal, it is procedurally-barred. Conley v. State, 790 So.2d 773, 790(¶ 57) (Miss.2001). However, notwithstanding the procedural bar, it is belied by the sworn petition to enter a guilty plea that Jones signed, as well as by the sworn testimony that Jones gave at the plea hearing and by the sworn testimony that both Jones and his aunt gave at the hearing on the PCR petition.
¶ 15. There is no basis for disturbing the finding of the trial court that Jones is not entitled to any relief. Therefore, the decision of the trial court denying post-conviction relief is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.

. During the plea hearing, the trial judge repeatedly referred to the plea as a "plea of guilty” as opposed to a "plea of no contest.” However, near the end of the hearing, the trial judge acknowledged his understanding that the plea was being offered under the circumstances sanctioned in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). No issue is made in this appeal regarding the type of plea offered.