# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01167-COA

**VICTOR D. JONES A/K/A VICTOR DEWAYNE**         **APPELLANT**
**JONES A/K/A VICTOR JONES**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

DATE OF JUDGMENT:         07/13/2017
TRIAL JUDGE:         HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:   PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         VICTOR D. JONES (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
        BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:         AFFIRMED IN PART; REVERSED IN PART
        - 11/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. This appeal relates to Victor Jones's fourth pro-se motion for post-conviction relief (PCR),[1] challenging his 2004 guilty plea on two counts of sexual battery. The Circuit Court of Pike County dismissed Jones's motion with prejudice, finding it time barred and barred as a successive writ. Additionally, the circuit court ruled that it lacked jurisdiction because

---

[1] This Court's opinions on Jones's prior PCR motions are: *Jones v. State* (*Jones I*), 962 So. 2d 571 (Miss. Ct. App. 2006); *Jones v. State* (*Jones II-COA*), 119 So. 3d 350 (Miss. Ct. App. 2012), *rev'd in part*, 119 So. 3d 323 (Miss. 2013); *Jones v. State* (*Jones II-MSC*), 119 So. 3d 323 (Miss. 2013); *Jones v. State* (*Jones III*), 174 So. 3d 902 (Miss. Ct. App. 2015).

the underlying criminal action had been directly appealed to the Mississippi Supreme Court. We affirm the circuit court's dismissal for the same reasons set out in *Jones III*. However, we reverse as to the jurisdictional issue for the reasons set out by the supreme court in *Jones II-MSC*.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 29, 2004, Jones pleaded guilty in the Pike County Circuit Court to two counts of sexual battery. The State recommended a sentence of twenty years, with ten years to serve, ten years suspended, and five years of probation for each count, to be served concurrently. The circuit-court judge, however, did not accept the State's recommendation and sentenced Jones to serve twenty years on each count to run consecutively. Jones filed a direct appeal which was dismissed for failure to pay the costs of appeal. *See Jones II-COA*, 119 So. 3d at 351 (¶3).

¶3.     Jones filed his first PCR motion at the end of 2004, including claims of a faulty indictment, an involuntary guilty plea, and ineffective assistance of counsel. *Jones I*, 962 So. 2d at 572 (¶2). This Court affirmed the circuit court's dismissal of his PCR motion, agreeing that Jones's guilty pleas were voluntary and his counsel effective. *Id.* at 572-73 (¶¶3, 6).

¶4.     Jones filed his second PCR motion in April 2011, and again, it was summarily dismissed. The circuit court found that it lacked jurisdiction, and the PCR motion was time barred and barred as a successive writ. *Jones II-COA*, 119 So. 3d at 351 (¶5). On appeal,

2

Jones argued the dismissal was error because his sentence was illegal. Also, Jones claimed he should have had a mental-health evaluation before he was allowed to enter his plea. *Id.* at 351 (¶2). However, we noted he had not raised his mental health in his previous PCR motion, where his guilty plea had been found voluntary. *Id.* at 352 (¶10). This Court affirmed, finding the issues without merit, and also agreeing that the circuit court lacked jurisdiction because Jones failed to seek permission from the Mississippi Supreme Court to file his PCR motion. *Id.* at (¶¶12-13).

¶5.     The Mississippi Supreme Court granted certiorari review and reversed as to the jurisdictional issue. The supreme court explained that Mississippi Code Annotated section 99-39-7 (Supp. 2012) requires a petitioner to seek leave of the supreme court to file a motion for PCR only "where the *conviction and sentence* have been affirmed on appeal or the appeal has been dismissed." *Jones II-MSC*, 119 So. 3d at 325 (¶5) (emphasis added by the supreme court) (quoting Miss. Code Ann. § 99-39-7 (Supp. 2012)). And because Jones was only allowed to appeal the sentence from his guilty plea under *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989), *abrogated on other grounds by Betterman v. Montana*, 136 S. Ct. 1609 (2016), this statute was not applicable. *Jones II-MSC*, 119 So. 3d at 325 (¶5). The supreme court affirmed that the PCR was time barred and barred by res judicata. *Id.* at 326 (¶9). The supreme court also found Jones's argument that he was "legally incompetent" to plead guilty without merit. The supreme court stated that in the order denying the first PCR motion, the circuit court found it had "personally observed the defendant's demeanor,

3

appearance and manner in answering the court's questions and it appeared to the court that the defendant was competent to understand and did understand the circumstances surrounding his guilty plea." *Id.* at (¶7). The supreme court also noted: "In support of his second PCR filing, Jones submitted some of his medical records, but none appears responsive to his mental competency, in general, or at the time of his plea." *Id.*

¶6. On August 30, 2013, fifteen days after the supreme court handed down *Jones II-MSC*, Jones filed his third PCR motion. He again argued that he received ineffective assistance of counsel, his guilty plea was involuntary, he should have received a competency hearing, and he was incompetent when he was coerced into pleading guilty. *Jones III*, 174 So. 3d at 904 (¶6). He again filed numerous mental-health records with his PCR motion, and again, none of them related to his competency at the time of his guilty plea in 2004. *Id.* at 908 (¶15). Further, he complained that the circuit court did not honor the plea agreement. *Id.* at 904 (¶6). The circuit court summarily dismissed Jones's motion, finding it procedurally barred as a successive writ and time barred, noting: "The motion is substantively identical to three previously filed motions which have all been denied." *Id.* at 904-05 (¶6).

¶7. Jones appealed, focusing solely on his lack of competency to enter a guilty plea— again arguing that his attorney was ineffective and his plea was involuntary. This Court noted these two issues had been raised before in his prior PCR motions and typically would be procedurally barred by time and successive. *Id.* at 906-07 (¶10). However, because *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010), excepts from the procedural bars

4

errors affecting fundamental constitutional rights, this Court found Jones's claims of mental

incompetency were not subject to procedural bars.[2] Nonetheless, we found the issue without

merit because it had already been determined in *Jones II-MSC*. *Id*. at 907 (¶¶11, 13). There,

the supreme court found no evidence that Jones was incompetent at the time he submitted

his guilty plea. *Id.* at 907-08 (¶13). Accordingly, this Court affirmed the dismissal of the

third PCR motion, and the supreme court denied certiorari review. *Id.* at 908 (¶15).

¶8.     In January 2016, Jones filed his fourth PCR motion—the subject of the instant case.

He attached numerous documents, including general articles about mental-health disorders,

the prior opinions on his appeals, his defense counsel's response to a bar complaint in 2010,

a letter from the Pike County district attorney in 2005 explaining that the judge is not under

an obligation to follow their sentence recommendation, mental-health records from a stay

at the Whitfield State Hospital (Whitfield)[3] from January 20, 1993 until February 12, 1993,

---

[2] We noted that the res-judicata principle identified in *Jones II-MSC* appears to have been modified in *Smith v. State*, 149 So. 3d 1027, 1032 (¶13) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017). *Jones III*, 174 So. 3d at 906 (¶9).

[3] Accordingly to the mental-health records Jones attached, he was committed to Whitfield for "violent behavior." He was diagnosed with "adjustment disorder with mixed emotional features" and "personality disorder not otherwise specified." The records include his psychological evaluation, a notice of continuing hospitalization, his diagnostic summary and discharge notes, and his certificate of discharge. After release from Whitfield, in March 1993 he was arraigned on burglary, burglary of a dwelling, and larceny charges. A year later, he pleaded guilty to the charges and was sentenced to seven years.

and records from prison.[4]  He also included an affidavit from his mother executed in 2005

related to his guilty plea.  Approximately one week later, he filed a motion to amend his

PCR motion, which was substantively similar to his PCR motion.

¶9.     In February 2016, the circuit court dismissed Jones's fourth PCR motion and motion

to amend.  The court ruled that the motion was "substantively identical" to the previous

motions he had filed and was therefore successive, as well as time barred.  Additionally, the

circuit court again found it lacked jurisdiction to hear the PCR motion because Jones had

failed to ask permission from the supreme court.[5]

¶10.    After refiling his motions with the circuit court, in June 2017, Jones's "ghost

counsel"[6] submitted a "new document," which he claimed had "surfaced" concerning

Jones's mental competency in 1993.  The document allegedly "show[s] Jones was not

capable of submitting a voluntary guilty plea then or now" because he was being treated

with drugs for his mental problems that could have impaired his ability to understand his

---

[4] Jones included two forms from prison:  psychiatric progress notes dated from October 2006 stating Jones was on medication for complaints of hallucinations attributed to schizo-affective disorder, and a "master problems list" dated September 2007 showing his "major problems" were bipolar, panic, and schizo-affective disorders.

[5] This ruling unfortunately led to procedural confusion and delay.  Jones filed with the supreme court an application to proceed with his PCR motion.  The supreme court dismissed Jones's application because he had already been instructed not to file such application in *Jones II-MSC*.  Due to this ruling, Jones again filed his PCR motion and motion to amend with the circuit court.  All of the motions and attachments were substantively identical to previous ones.

[6] Jones claims in his brief he is so incompetent he has to rely on a "ghost-counsel" for assistance because he "does not understand what is going on."

plea.[7]

¶11.   On July 13, 2017, the circuit court dismissed Jones's PCR motion and motion to amend because the PCR motion was procedurally barred as a successive writ and time barred.  The court found the notice of continued hospitalization could not be considered "newly" discovered evidence because it was dated from 1993.  Further, the court noted that Jones's Whitfield discharge notes in 1993 stated he is "not psychotic, he is in control of his behavior."  The circuit court also ruled that the motion was "substantively identical" to the multiple previous motions he had filed.  However, the circuit court again ruled that the underlying criminal action had been appealed to the supreme court; therefore, the circuit court lacked jurisdiction to hear the claim without leave from the supreme court.  Jones timely appealed, yet again raising issues of jurisdiction and competency as it relates to his guilty plea and assistance of counsel.[8]

---

[7] The document was a "Notice of Continuing Hospitalization" for Jones at Whitfield in 1993, as noted above, for "medication monitoring and dosage adjustment" after having been committed for twenty days.  It was file-stamped February12, 1993 by the Pike County Chancery Clerk. Jones's "ghost-counsel" appears to be referring to Jones's 1994 guilty plea, rather than the 2004 one currently at issue.

[8] Jones attached over sixty-five pages of exhibits to his appellate brief from various sources including multiple copies of articles and other documents on mental health.  Most of the exhibits had been previously filed with the circuit court and related to his competency.  However, we note that documents attached to Jones's brief that were not first presented to the circuit court and certified as part of the appellate record cannot be considered on appeal. *Davis v. State*, 243 So. 3d 222, 239 (¶76) (Miss. Ct. App. 2018).  In an apparent attempt to circumvent this rule, after filing his notice of appeal, Jones also filed these documents in the circuit court.  Additionally, Jones filed a motion to amend his brief, and a motion to attach the plea transcript to his brief, which this Court granted.  He attached the same mental-health documents to these motions, complaining that he was never given a competency hearing.

**STANDARD OF REVIEW**

¶12. This Court reviews a circuit court's denial or dismissal of a PCR motion for an abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). We "will not disturb the trial court's factual findings unless they are clearly erroneous." *Id.* Questions of law, however, are reviewed de novo. *Id.*

**ANALYSIS**

### I.      Jurisdiction

¶13. The trial court claimed it lacked jurisdiction to hear Jones's claims because he did not seek leave from the supreme court to file his PCR motion. We do not find this issue "moot," as the State suggests, but error, as the supreme court did in *Jones II-MSC*, and accordingly reverse as to this issue.

¶14. Mississippi Code Section 99-39-7 requires a petitioner to seek leave from the supreme court to file a motion for PCR "[w]here the *conviction and sentence* have been affirmed on appeal or the appeal has been dismissed . . . ." (Emphasis added). Because he pleaded guilty, Jones was not allowed to file a direct appeal of his *conviction* under the version of Mississippi Code Annotated section 99-35-101 (Rev. 2007) in effect at that time. *See Trotter*, 554 So. 2d at 315.[9] In *Jones II-MSC*, the supreme court held the statute

---

This Court denied Jones's motion to enter certain middle-school documents into the record because they were not a part of the record before the circuit court.

    [9] *Trotter* held that while a conviction resulting from a guilty plea could not be directly appealed, a sentence from a guilty plea could, under Mississippi Code Annotated section 99-35-101 (Rev. 2007). *Trotter*, 554 So. 2d at 315. However, in July 2008 an amendment

8

requiring permission was not applicable where Jones was not allowed to appeal both conviction and sentence. *Jones II-MSC*, 119 So. 3d at 325 (¶5). We reverse the circuit court's denial of jurisdiction under *Jones II-MSC*.

## II. Procedural Bars

¶15. The trial court found Jones's PCR motion procedurally barred as a successive writ and time barred. Any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Here, Jones filed his fourth PCR motion over twelve years after he pleaded guilty. Moreover, as the trial court noted, this latest PCR motion raises substantially similar issues of competency to his second and third PCR motions.

¶16. However, errors affecting fundamental constitutional rights are excepted from the post-conviction procedural bars under *Rowland*. Our supreme court has held that "[i]t is a violation of due process to try or convict a criminal defendant who is legally incompetent." *Pitchford v. State*, 240 So. 3d 1061, 1067 (¶30) (Miss. 2017) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). Here, since Jones raises issues of competency, we shall address the

---

to section 99-35-101 (Supp. 2011) became effective and superseded *Trotter*. Now under that statute a defendant who enters a guilty plea is not allowed to directly appeal his conviction or sentence from the circuit court. *See Chapell v. State*, 107 So. 3d 1003, 1007 (¶12) (Miss. Ct. App. 2013).

merit of his claims as we did in *Jones III*.

### III. Mental Competency

¶17. As in *Jones III*, Jones's claims of ineffective assistance of counsel and an involuntary guilty plea center around his competency. Specifically, Jones argues that his counsel failed to investigate his prior mental health history and request a competency hearing before he pleaded guilty. He also argues the trial court should have sua sponte ordered a competency hearing prior to accepting his guilty plea.

¶18. Uniform Rule of Circuit and County Court 9.06 states in part: "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ."[10] The defendant "bears the burden of proof to show by substantial evidence that his competency to stand trial is in question." *Higginbotham v. State*, 122 So. 3d 1205, 1210 (¶14) (Miss. Ct. App. 2013). Jones fails to meet his burden.

¶19. This Court and the supreme court have affirmed the circuit court three prior times that there is no merit to Jones's incompetency arguments. Here, however, Jones attempts to overcome procedural bars by claiming to have "newly discovered evidence" under section 99-39-23(6) of his mental incompetency during his guilty plea in 2004—the medical records

---

[10] We note that the Uniform Rules of Circuit and County Court relating to criminal practice have been supplanted by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. But because the former rules were still in effect at the time of Jones's guilty plea, Rule 9.06 is applicable to his case.

from his 1993 treatment at Whitfield. However, this and other documents were not "new"—as the July 2017 trial-court order states, these records have been filed numerous times before with the Pike County Circuit Court. They do not relate to the 2004 guilty plea,[11] and Jones confuses their applicability with his 1994 guilty plea on other charges. Further, even if they did relate to the instant plea, his Whitfield discharge records concluded Jones was "not psychotic" and was "in control of his actions."

¶20. The mental-health records Jones repeatedly provide show a three-week stay at Whitfield in 1993 for treatment of psychiatric problems—over ten years before he pleaded guilty in this action. Just because Jones was admitted to a psychiatric hospital does not mean he is automatically incompetent to plead guilty to criminal charges ten years later. Jones also provides records about psychiatric treatment while imprisoned in 2006 and 2007—two years after his guilty plea. There is no evidence presented that he was incompetent during his plea hearing, that he was on medication that would impair his judgment, or that his various diagnoses ten years prior would have made his guilty plea involuntary.

¶21. Undoubtedly, Jones has a long history of mental illness—prison medical records show he is on medication for several psychiatric disorders and being treated while

_____

[11] Jones attached to his appellate brief an unsworn typed "summary of court appearances" describing his alleged poor mental health before his 2004 guilty plea, where he claims he was given medication by the jail nurse for audible hallucinations and delusions. He does not attach any jail records at the time corroborating his statement. Even if he had, this document is not a certified part of the record before the trial court; so we cannot consider it. *Davis*, 243 So. 3d at 239 (¶76).

imprisoned.[12]  Jones even states in his brief he is in "remission due to medication." However, the voluminous records show he was quite competent to plead guilty in 2004. This Court was provided a transcript of the plea hearing, and we reviewed it carefully. Jones affirmed that he was not under the influence of any medicine during the hearing, he was satisfied with his legal representation, he understood the maximum sentence that could be imposed, he understood his rights and was waiving certain rights, and he could be sentenced by the trial court to the maximum sentence and not what the State recommended. Additionally, as the supreme court noted in *Jones II-MSC*, the circuit-court judge "personally observed the defendant's demeanor, appearance and manner in answering the court's questions and it appeared to the court that the defendant was competent to understand and did understand the circumstances surrounding his guilty plea." *Jones II-MSC*, 119 So. 3d at 326 (¶7).

¶22.   We have reviewed Jones's alleged newly discovered evidence and, in accordance with our analysis in *Jones III*, have found his claims of mental incompetency without merit.

**CONCLUSION**

¶23.   We reverse the judgment of the circuit court that it lacked jurisdiction. However, we affirm the circuit court's dismissal of the PCR.

¶24.   **AFFIRMED IN PART; REVERSED IN PART.**

---

[12] Jones also attaches prison medical records from 2010 documenting psychiatric visits and medication administration.

12

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**