# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01627-COA

**LORI SCHMIDT**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

DATE OF JUDGMENT:                    10/01/2018
TRIAL JUDGE:                         HON. THOMAS J. GARDNER III
COURT FROM WHICH APPEALED:           ITAWAMBA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              LORI SCHMIDT (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: KAYLYN HAVRILLA McCLINTON
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         AFFIRMED - 12/17/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND TINDELL, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     The Itawamba County Circuit Court denied Lori Schmidt's motion for post-conviction collateral relief (PCR). On appeal, Schmidt argues that (1) her trial attorney rendered ineffective assistance and (2) her guilty plea was involuntary. Finding no error, we affirm the circuit court's judgment.

## FACTS

¶2.     On August 17, 2017, Schmidt pled guilty to one count of trafficking methamphetamine. The circuit court sentenced Schmidt to forty years in the custody of the Mississippi Department of Corrections, with ten years to serve, thirty years suspended, and

five years of post-release supervision. The circuit court also fined Schmidt $1,000 and ordered her to pay $545 in restitution. In addition, the circuit court ordered Schmidt to serve her ten-year sentence day-for-day, with the sentence to run consecutively to the sentence imposed in another cause number.

¶3. On April 30, 2018, Schmidt filed her PCR motion and asserted that (1) her trial attorney rendered ineffective assistance; (2) material facts existed that had not been previously presented to the circuit court; (3) her right against self-incrimination was violated; (4) her right against an illegal search was violated; and (5) her sentence was not comparable to the sentence imposed on her co-defendant. In its order denying Schmidt's PCR motion, the circuit court found that each of Schmidt's claims lacked merit. Aggrieved, Schmidt appeals.

## STANDARD OF REVIEW

¶4. We review the circuit court's denial or dismissal of a PCR motion for abuse of discretion. *Jones v. State*, 274 So. 3d 940, 945 (¶12) (Miss. Ct. App. 2018). While we will only disturb the circuit court's factual findings if they are clearly erroneous, we review questions of law de novo. *Id.*

## DISCUSSION

¶5. On appeal, Schmidt argues that her attorney provided ineffective assistance by failing to properly investigate the charge against her, interview potential witnesses, and subpoena documents. According to Schmidt, if her trial attorney had investigated the charge against

2

her, he would have proved that the traffic stop leading to her arrest was unlawful. In addition, Schmidt asserts that she never would have pled guilty had she known about her attorney's alleged failure to investigate the charge against her. She therefore contends that, because of her attorney's ineffective assistance, her guilty plea was not voluntarily, knowingly, and intelligently entered.

¶6. To prove ineffective assistance, Schmidt had to prove (1) her attorney's performance was deficient, and (2) the deficiency prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015) (internal quotation marks omitted). Thus, "a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the petitioner would not have entered the plea. This requires proof beyond the petitioner's own conclusory assertions." *Worth v. State*, 223 So. 3d 844, 849-50 (¶17) (Miss. Ct. App. 2017) (citation omitted).

¶7. Here, Schmidt's PCR motion contained only her own bare assertions that her attorney failed to properly investigate the charge against her, interview possible witnesses, and subpoena relevant documents. Schmidt provided no other evidence to corroborate her allegations. In addition, the transcript of Schmidt's plea hearing reflects her testimony under oath that she was satisfied with the legal services and advice her attorney provided and that

3

she thought her attorney had properly advised her and represented her best interest. Our caselaw recognizes that "[s]tatements made in open court under oath carry a strong presumption of veracity." *Thomas*, 159 So. 3d at 1216 (¶12) (internal quotation mark omitted). Thus, Schmidt's "in-court statements that [s]he was satisfied with counsel's performance, coupled with the complete absence of any proof to support [her] argument, causes [her] claim to fail." *Id.* at (¶13).

¶8. Schmidt also argues that her attorney's ineffective assistance rendered her guilty plea involuntary. Specifically, Schmidt contends that she never would have pled guilty had she known about her attorney's alleged failure to investigate the charge against her. Schmidt's claim is procedurally barred because she failed to allege it in her PCR motion and instead raises it for the first time on appeal. *See Jones v. State*, 844 So. 2d 499, 501 (¶14) (Miss. Ct. App. 2003). Notwithstanding the procedural bar, we find that Schmidt's involuntary-plea claim lacks merit.

¶9. "A guilty plea is valid as long as it is entered voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Worth*, 223 So. 3d at 850 (¶19) (internal quotation mark omitted). For a guilty plea to be voluntary, knowing, and intelligent, the defendant must understand her rights, "the nature of the charge against [her], and the consequences of [her] plea, including applicable minimum and maximum sentences." *Id.* The plea-hearing transcript reflects Schmidt's testimony under oath that her guilty plea was freely and voluntarily entered, she understood the constitutional

4

rights she waived by pleading guilty, and she understood the charge against her. In response to the circuit judge's questions, Schmidt admitted that she had, in fact, committed the charged crime. Further, the record reflects that Schmidt had ample opportunity to speak to the circuit judge or to ask questions and that she availed herself of this opportunity. The circuit judge clearly informed Schmidt of the minimum and maximum sentences she could receive for pleading guilty to the charged crime, and Schmidt confirmed that she understood those possible sentences. In addition, Schmidt affirmed to the circuit judge that she was satisfied with the legal services and advice provided by her attorney. We therefore find that this issue lacks merit.

## CONCLUSION

¶10. Because we find no merit to Schmidt's claims, we affirm the circuit court's denial of her PCR motion.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

5