# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01088-COA

**VICTOR D. JONES A/K/A VICTOR DEWAN JONES**         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/2021 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VICTOR D. JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/09/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

¶1. This is Victor Jones' fifth appeal from the denial of a motion for post-conviction collateral relief (PCR) to come before this Court.[1] The instant motion, filed on April 7, 2021, was summarily dismissed by the Pike County Circuit Court as being barred as a successive motion pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) and as being time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020).

---

[1] The opinions regarding Jones' prior PCR motions are *Jones v. State* (*Jones I*), 962 So. 2d 571 (Miss. Ct. App. 2006); *Jones v. State* (*Jones II - COA*), 119 So. 3d 350 (Miss. Ct. App. 2012), *rev'd in part*, *Jones v. State* (*Jones II - MSC*), 119 So. 3d 323 (Miss. 2013); *Jones v. State* (*Jones III*), 174 So. 3d 902 (Miss. Ct. App. 2015); and *Jones v. State* (*Jones IV)*, 274 So. 3d 940 (Miss. Ct. App. 2019).

Finding no error, we affirm.

¶2. Jones pled guilty to two counts of sexual battery in the Pike County Circuit Court on June 28, 2004. At the sentencing hearing on June 29, 2004, Jones was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections on each count, ordered to run consecutively to each other. Jones has filed four prior PCR motions, all of which were denied or dismissed by the circuit court (the first based on the merits and the others based on procedural bars). This Court affirmed those decisions. Because we agree that Jones' fifth PCR motion was procedurally barred, we affirm.

## STANDARD OF REVIEW

¶3. In *Jones IV*, 274 So. 3d at 945 (¶12), this Court reiterated the standard of review when a circuit court's order dismissing a PCR motion is appealed from:

> This Court reviews a circuit court's denial or dismissal of a PCR motion for an abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). We "will not disturb the trial court's factual findings unless they are clearly erroneous." *Id*. Questions of law, however, are reviewed de novo. *Id*.

## ANALYSIS

¶4. In his current PCR motion, Jones argues that his trial counsel was ineffective for failing to object to the circuit court's rejection of the State's sentencing recommendation and ineffective for failing to inform Jones that the circuit court was not bound by the State's recommendation. Additionally, Jones argues that his ineffective-assistance claims provide an exception to the procedural bars.

¶5.    Here, as in *Jones IV*, 274 So. 3d at 946 (¶15),

> [t]he trial court found Jones's PCR motion procedurally barred as a successive writ and time barred. Any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Here, Jones filed his fourth PCR motion over twelve years after he pleaded guilty.

Jones filed the present PCR motion nearly seventeen years after his guilty plea. Jones has shown no evidence overcoming the procedural bars in sections 99-39-5(2)[2] and 99-39-23(6).[3] Jones claims that "ineffective assistance of counsel during a plea hearing is a[n] exception to the post-conviction statute of limitations and successive writ bars."

¶6.    While there are exceptions to the time bar in section 99-39-5(2), "the burden falls on [Jones] to prove that at least one of the exceptions is applicable." *Creppel v. State*, 305 So. 3d 1245, 1250 (¶11) (Miss. Ct. App. 2020). Jones has failed to show that any of the statutory exceptions apply to his case.

¶7.    In his brief, Jones cites *Johnson v. State*, 313 So. 3d 1104, 1105 (¶5) (Miss. Ct. App.

---

[2] Section 99-39-5(2) provides in part: "A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction."

[3] Section 99-39-23(6) provides in part: "The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."

2021), where Johnson argued that his case was excepted from the successive-motions bar. However, our decision in *Johnson* supports our decision in this case. We noted in *Johnson* that "ineffective-assistance-of-counsel claims may be excepted from the successive-motions bar only in 'extraordinary circumstances.'" (quoting *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 440 (Miss. 2020)). Here, just as in *Johnson*, we find that Jones failed to identify any "extraordinary circumstances" that would provide him with an exception to the successive-motions bar.

## CONCLUSION

¶8.     Jones has failed to show that the time-bar and successive-motions bar should not be applied to his claims. We affirm the circuit court's order dismissing Jones' fifth motion for post-conviction relief.

¶9.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**